# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYALA, <br><br> Petitioner, <br><br> v. <br><br> SCOTT FRAVENHEIM, <br><br> Respondent. | Case No. CV 18-5067-JEM <br><br> MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

## INTRODUCTION

On May 16, 2018, Jose Ayala ("Petitioner"), a California state prisoner, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.").[1] On July 30, 2018, Respondent filed a Motion to

---

[1] Under the prison "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (citation omitted); accord Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the day the petition was signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."). Unless indicated otherwise, regardless of whether Petitioner's habeas corpus petitions were filed within the limitations period, see infra; Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the

Dismiss the Petition as untimely. August 16, 2018, Petitioner filed an Opposition. Respondent did not file a Reply. The Motion to Dismiss is now ready for decision.

For the reasons set forth below, the Court finds that the Motion to Dismiss should be granted.

## STATE COURT PROCEEDINGS

On January 16, 2015, Petitioner entered into a negotiated disposition in Los Angeles County Superior Court case number LA078377 and pled no contest to assault with a semiautomatic firearm in violation of Cal. Penal Code § 245(b) and admitted the truth of a personal firearm use allegation within the meaning of Cal. Penal Code § 12022.55(a)/(d). He also admitted the truth of a prior serious or violent felony conviction under California's Three Strikes Law (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)). (Respondent's Lodged Document ("LD") 3 at 3-4; LD 4 at 1-4.) On March 9, 2015, pursuant to the negotiated disposition, the trial court sentenced Petitioner to a total term of ten years in state prison and dismissed three counts. (See LD 4 at 1; LD 5 at 2-3; LD 6.)

Petitioner did not request a certificate of probable cause or otherwise appeal his conviction. (See Pet. at 2.)[2]

On December 1, 2017, Petitioner constructively filed a habeas petition in the Los Angeles County Superior Court (LD 7), which was denied on December 12, 2017 (LD 8).

On December 28, 2017, Petitioner constructively filed a habeas petition in the California Court of Appeal (LD 9), which was denied on January 11, 2018 (LD 10).

On January 22, 2018, Petitioner constructively filed a habeas petition in the California Supreme Court (LD 11), which was denied on May 9, 2018 (LD 12).

On May 16, 2018, Petitioner constructively filed the Petition.

---

"mailbox rule" a petitioner must deliver the petition to prison officials within the limitations period), the Court will afford Petitioner the benefit of the mailbox rule.

[2] The Court refers to the pages of the Petition and other filed documents as they are numbered by the CM/ECF system.

**DISCUSSION**

**I.      The Applicable Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." Wall v. Kholi, 131 S. Ct. 1278, 1283 (2011); Lawrence v. Florida, 549 U.S. 327, 329 (2007); 28 U.S.C. § 2244(d)(1). After the one-year limitations period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002).

To determine whether the pending action is timely, it is necessary to determine when AEDPA's limitations period began and ended. Pursuant to 28 U.S.C. § 2244(d)(1)(A)-(D), AEDPA's limitations period "begins to run from the latest of":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A habeas corpus claim can "be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). However, "a court must first determine whether a [claim] was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied. As a matter of logic, where a [claim] is timely filed within the one-year statute of limitation imposed by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable [or statutory] tolling need not be applied. Similarly, equitable tolling need not be applied where a [claim] is

timely due to statutory tolling under § 2244(d)(2)." Id. Following this framework, the Court begins its analysis with the relevant timeliness inquiry.

## II. The Petition Is Facially Untimely.

Under § 2244(d)(1)(A) of the AEDPA, "a federal petition for writ of habeas corpus . . . must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on March 9, 2015. (See LD 1 at 4.) There is no indication that he filed a timely request for a certificate of appealability or notice of appeal. (See Pet. at 2.) Consequently, his conviction became final sixty days later, on May 8, 2015, the last day he could have filed a timely notice of appeal.[3] See Cal. R. Ct. 8.304(b), 8.308(a); Cal. Penal Code § 1237.5; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.")

There is no indication that § 2244(d)(1)(B)-(D) apply. Absent tolling, Petitioner had until May 8, 2016, to file a habeas petition in federal court under § 2244(d)(1)(A). See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The Petition was not constructively filed until May 16, 2018, more than two years after the statute of limitations had run. Therefore, the Petition is facially untimely.

## III. Petitioner Is Not Entitled To Statutory Tolling.

Section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review." The statute of

---

[3] In his Opposition, Petitioner states that he did appeal his conviction and sentence, and he attaches a proof of service indicating that he served a Notice of Appeal/Request for Certificate of Probable Cause on December 29, 2017. (Opposition at 1-2, 5.) Petitioner does not attach the notice of appeal itself. Even if this document reflects the filing of a notice of appeal on December 29, 2017, it would have been untimely and it does not affect the calculation of the date that Petitioner's conviction became final.

4

limitations is not tolled between the time the petitioner's conviction becomes final on direct review and the time the next state collateral challenge is filed because there is no case "pending" during that time. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). There is no statutory tolling for a state court petition that is filed after the one-year limitations period already has expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").

Here, Petitioner constructively filed his first state habeas corpus petition in the Los Angeles County Superior Court on December 1, 2017 (LD 7), more than a year after the limitations period expired on May 8, 2016. Thus, the limitations period had expired when Petitioner filed his state habeas petitions and could not be reinitiated. Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482. Petitioner is not entitled to statutory tolling.

## IV. Petitioner Is Not Entitled To Equitable Tolling.

The AEDPA statute of limitations is subject to equitable tolling "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks and citation omitted); see also Lawrence, 549 U.S. at 336. "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959 (internal quotation marks and citations omitted).

"To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in [petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011

(9th Cir. 2009) (internal quotation marks, brackets and citation omitted); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (internal quotation marks and citation omitted); accord Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010).

Here, Petitioner does not claim he is entitled to equitable tolling, and the record is devoid of any "extraordinary circumstances" that would support such a finding.

**V.  Conclusion**

The limitations period commenced on May 8, 2015, when Petitioner's conviction became final, and was set to expire on May 8, 2016. Petitioner is not entitled to statutory or equitable tolling. The instant Petition, constructively filed May 16, 2018, is untimely and this action should be dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED: (1) Respondent's Motion to Dismiss is granted; (2) a certificate of appealability is denied; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: September 26, 2018            */s/ John E. McDermott*
                                     JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE